UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEDRE BUSH AND RAQUEL DIAZ on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>ANCIENT BRANDS, LLC<br><br>      Defendant. | Case No: 5:21-cv-390 (LEK/ML)<br><br><br><br>**[JURY TRIAL DEMANDED]** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY
<u>DEFENDANT ANCIENT BRANDS, LLC</u>**

**BRAUNHAGEY & BORDEN LLP**

 _/s/ Douglas S. Curran_

Douglas S. Curran, Esq.
**BRAUNHAGEY & BORDEN LLP**
7 Times Square, 27th Floor
New York, NY 10036
Tel. & Fax: (646) 829-9403
Email: curran@braunhagey.com

*Attorneys for Defendant
Ancient Brands, LLC*

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................2

      A.     The Parties ....................................................................................................2

      B.     Plaintiffs' Allegations.................................................................................2

      C.     Ancient Nutrition's Efforts to Avoid Bringing this Motion....................3

ARGUMENT ........................................................................................................................3

CONCLUSION .....................................................................................................................5

Defendant Ancient Brands, LLC ("Ancient Nutrition") respectfully submits this Memorandum in support of its Motion to Dismiss under Rule 12(b)(6).

## INTRODUCTION

Ancient Nutrition is a company dedicated to making sustainable, whole food nutritional products, including protein powder. Unlike muscle-building supplements, Ancient Nutrition's products are based on the food of our ancestors – bone broth – and are rich in collagens, proteins that ease arthritis pain, increase joint health, and improve skin hydration and elasticity, especially for the elderly or physically active. Ancient Nutrition promotes the benefits of its products and provides detailed descriptions of its ingredients on its labels, which have changed several times since it launched in 2016.

Plaintiffs are California and New York residents who were recruited by lawyers in Chicago to file this "false advertising" case over language that they concede is entirely true. They claim that Ancient Nutrition's labels misled them into believing they were getting a bodybuilding supplement, when they were actually getting a health supplement. But apart from entirely general allegations that they purchased the products at various times in the past four years, Plaintiffs do not specify the dates on which they made their alleged purchases nor identify the specific labels on which they claim to have relied. Absent such allegations, the Complaint fails to put Ancient Nutrition on notice of Plaintiff's claims, and thereby fails to meet the minimal requirements of Federal Rules of Civil Procedure 8 and 9(b).

Prior to filing this motion, Ancient Nutrition met and conferred with Plaintiffs, identified this deficiency in the Complaint, and asked if Plaintiffs intended to amend their complaint to identify the labels they allegedly saw. Plaintiffs declined to do so, leaving Ancient Nutrition with no choice but to bring the instant motion. For these reasons, Ancient Nutrition respectfully submits that Plaintiffs' claims be dismissed.

## BACKGROUND

### A.    The Parties

Ancient Nutrition is a company dedicated to providing ancient nutrients in a modern form. The company was started by leading natural health experts Jordan Rubin and Dr. Josh Axe, who set out to create sustainable and better-for-you food and nutritional supplements. The products they created aim to replicate the effects of homemade bone broth in a convenient protein powder. (Compl. ¶ 18.)

Since its launch in 2016, Ancient Nutrition's bone broth protein powder products have undergone a number of label changes. Like many other nutritional supplement companies, Ancient Nutrition frequently updates its labels to maintain consumer interest and transparently disclose all of its ingredients. Submitted with this motion is a Request for Judicial Notice providing copies of the various iterations of the labels. (RJN Exs. 1 –14.)

### B.    Plaintiffs' Allegations

Plaintiffs claim that they were injured by Ancient Nutrition's Pure and Vanilla Bone Broth Protein. (Compl. ¶ 6.) While the Complaint contains what appears to be an incomplete depiction of the products' current labels, Plaintiffs do not allege that they saw these labels, or any particular set of labels. Plaintiff Diedre Bush alleges she bought both the Pure and Vanilla flavors of Ancient Nutrition's bone broth protein powder "several times" from various retailers since 2017, and Plaintiff Raquel Diaz allegedly bought the Pure flavor "regularly" from different retailers since 2018. (Compl. ¶¶ 47, 50.) Plaintiffs allege that at some unspecified date prior to purchasing these products, they saw "the claims on the front and back of the packaging" of some unspecified bone broth product. (Compl. ¶¶ 48, 51.) Plaintiffs assert claims for "consumer protection" (Count I); GBL §§ 349 and 350 (Count II); California Unfair Competition Law (Count III); California Consumer Legal Remedies Act (Count IV); California False Advertising Law (Count V); breach

2

of express warranty (Count VI); and fraudulent concealment (Count VII); and unjust enrichment (Count VIII).

### C.    Ancient Nutrition's Efforts to Avoid Bringing this Motion

Prior to bringing this motion, on May 21, 2021, Ancient Nutrition met and conferred with Plaintiffs by telephone. During that call, the parties discussed the fact that the complaint did not identify on which labels the Plaintiffs supposedly relied, and Ancient Nutrition asked if Plaintiffs intended to amend their complaint to identify the labels at issue so that Ancient Nutrition could have fair notice of the claims being asserted against it. Plaintiffs declined to state at that time whether they would amend their complaint, so Ancient Nutrition followed up on June 4, 2020, and again on June 11, 2020. On June 11, Plaintiffs responded that "we believe that our complaint is sufficient and do not intend on amending it prior to motion practice."

### <u>ARGUMENT</u>

To withstand a motion to dismiss under Rule 12(b)(6), "a plaintiff must plead facts sufficient 'to state a claim for relief that is plausible on its face.'" *Moore v. Samuel S. Stratton Veterans Admin. Hosp.*, No. 116CV475LEKCFH, 2019 WL 251725, at *2 (N.D.N.Y. Jan. 17, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Plaintiffs' claims should be dismissed because the allegations do not comply with Federal Rules of Civil Procedure 8 and 9. Due Process and Federal Rule of Civil Procedure 8 require that a plaintiff "give fair notice to the defendants of the factual bases for his claims." *Hedges v. Town of Madison*, 456 F. App'x 22, 24 (2d Cir. 2012). Where, as here, the Complaint alleges fraud, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard, such that "the complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Entretelas Americanas S.A. v. Soler*, 840 F. App'x 601, 604 (2d Cir. 2020). Rule 9(b) also applies

to all of the California statutory claims. *See Kearns v. For Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009) (claims under California's Unfair Competition Law and Consumer Legal Remedies Act are subject to Rule 9(b) pleading requirements). "Rule 9(b) requires plaintiff to allege 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

Plaintiffs' Complaint fails to satisfy the minimal strictures of Rules 8 and 9(b) because it does not identify the labels which Plaintiffs supposedly saw or upon which they relied. Instead, it alleges only that Plaintiffs bought the products "several times" or "regularly" over the span of four years, during which time Ancient Nutrition's labels changed a number of times. Moreover, the Complaint alleges that the labels Plaintiffs read the "front and back" of were viewed sometime "before" they made their purchases. And while the Complaint does include partial depiction of one iteration of Ancient Nutrition's labels, these appear to be the current labels for certain flavors, which may or may not be the labels Plaintiffs claim to have seen. Ancient Nutrition is thus left entirely in the dark about which labels Plaintiffs saw or when and where they saw them, depriving it of fair notice of its claims as the rules and Due Process require.

Further, the Complaint states that it is filed "on behalf of consumers who purchased any of Defendant's Ancient Nutrition Bone Broth Protein products, including but not limited to, those in any of the following follows flavors: Vanilla, Chocolate, Pure, Turmeric, Vanilla, Coffee, Banana, or any other limited, discontinued, or seasonal flavors, and any other Ancient Nutrition Bone Broth Protein products that make a protein claim but fail to state the amount of protein as a percentage of daily value and/or as calculated by the Protein Digestibility Amino Acid Corrected Score method." (Compl. ¶ 1). Courts have dismissed such claims for products "including … but not limited to" the specific products listed in the Complaint, holding that "even under the more permissive Rule 8(a) standard, a plaintiff challenging a product label as misleading must at least identify the product and the misleading label" and that "[n]o plaintiff in any court should be able

to bring a consumer protection claim on behalf of unidentified purchasers of unidentified products." *Segedie v. Hain Celestial Grp., Inc.*, No. 14-CV-5029 NSR, 2015 WL 2168374, at *2, 12 (S.D.N.Y. May 7, 2015); *see also Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 627 (N.D. Cal. 2011) (dismissing claim where the plaintiff "provide[d] a time frame in which OCZ allegedly engaged in deceptive conduct, but fails to allege when in that period he viewed, read, or otherwise came to rely upon OCZ's representations" and "[did] not allege these key details that would allow [the defendant] to respond to the allegations of falsity upon which [the plaintiff] himself relied"); *Carrillo v. Wm. Wrigley Jr. Co.*, No. CV09-5341 DMG (RZX), 2010 WL 11596523, at *5 (C.D. Cal. Apr. 15, 2010) (dismissing complaint where "Plaintiff fails to state with particularity the 'how' of Defendant's alleged misrepresentations").

Because the Complaint does not comply with Rules 8 and 9, it should be dismissed.[1]

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims against Ancient Nutrition should be dismissed.

Dated: June 11, 2021                          Respectfully submitted,
New York, NY

                                               */s/ Douglas Curran*

                                              Douglas Curran
                                              **BRAUNHAGEY & BORDEN LLP**
                                              7 Times Square, 27th Floor
                                              New York, NY 10036
                                              Tel. & Fax: (646) 829-9403
                                              Email: curran@braunhagey.com

---

[1] As noted above, rather than amend their complaint, Plaintiffs elected to burden the Court and Ancient Nutrition by delaying their inevitable amendment until after "motion practice." In similar circumstances, courts have found such tactics bad faith warranting dismissal with prejudice. *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000) ("A finding that a party seeking leave to amend solely to gain a tactical advantage, also supports a finding that such an amendment is made in bad faith."); *see also State Trading v. Assuranceforeningen Skuld*, 921 F.2d 409, 417-18 (2d Cir. 1990) (denying leave to amend when Plaintiff waited until after Defendant filed a motion to dismiss challenging the application of Connecticut law to add claims arising under foreign law, in order to prevent Defendant from also seeking dismissal on *forum non conveniens* grounds).

*Attorneys for Defendant*
*Ancient Brands, LLC*