## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEDRE BUSH AND RAQUEL DIAZ on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>ANCIENT BRANDS, LLC<br><br>       Defendant. | Case No: 5:21-cv-390 (LEK/ML)<br><br><br><br>**[JURY TRIAL DEMANDED]** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY <u>DEFENDANT ANCIENT BRANDS, LLC</u>

**BRAUNHAGEY & BORDEN LLP**

 /s/ Douglas S. Curran

Douglas S. Curran, Esq.
**BRAUNHAGEY & BORDEN LLP**
7 Times Square, 27th Floor
New York, NY 10036
Tel. & Fax: (646) 829-9403
Email: curran@braunhagey.com

*Attorneys for Defendant*
*Ancient Brands, LLC*

Defendant Ancient Brands, LLC respectfully submits this reply to Plaintiffs' opposition to Ancient Nutrition's Motion to Dismiss under Rule 12(b)(6).

## INTRODUCTION

In their opposition, Plaintiffs do not dispute that their Complaint fails to allege which of Ancient Nutrition's labels they saw, when they saw them, or provide any other details from which Ancient Nutrition could glean this information. The Complaint only alleges that, at some point *prior to* their actual purchase of the products, Plaintiffs read some labels; describes their purchase history in entirely generic terms; and attaches what appear to be incomplete copies of current labels that may or may not be the labels Plaintiffs claim to have seen, including labels for products other than the products Plaintiffs claim to have purchased. Such allegations fail to meet the minimum requirements of Rule 8 and 9(b), and do not fairly apprise Ancient Nutrition of the claims against it, such that the Complaint should be dismissed.

Plaintiffs do not attempt to address any of the deficiencies in the Complaint. Instead, they contend that it is Ancient Nutrition's burden to show that the differences between its various historical labels "affect the claims" alleged by Plaintiffs. (Dkt. No. 22 ("Opp.") at 1.) Whatever that means, it is not the law. Plaintiffs bear the burden of articulating "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2004) (internal quotation marks omitted). Plaintiffs know what labels they saw and relied upon. Ancient Nutrition should not be forced to comb through years of historical labels to try to divine which "affect[ed]" Plaintiffs' claims. *Hedges v. Town of Madison*, 456 F. App'x 22, 24 (2d Cir. 2012) (plaintiffs are required to give defendants "fair notice" of the bases of their claims).[1]

---

[1] Plaintiffs also suggest Ancient Nutrition brings this motion for the purposes of delay. (Opp at 1.) This is untrue. As detailed in Ancient Nutrition's motion, and ignored by Plaintiffs, Ancient Nutrition raised the deficiencies in Plaintiffs' complaint prior to filing its motion. (Mot. at 3.)

Nor are Ancient Nutrition's labels identical, as Plaintiffs contend. Absent from Plaintiffs' Complaint and their Opposition is any discussion of the extensive explanations present on several of the labels informing purchasers that the products are primarily composed of collagen and explaining the benefits of collagen for joint and skin health. Yet it is the presence of collagen which Plaintiffs claim renders Ancient Nutrition's labels inaccurate, supposedly because collagen is less digestible and has a lower PDCAAS score than other sources of protein. Disclosures of the products' collagen content surely "affect" Plaintiffs' claims since if Plaintiffs saw these disclosures, they could not have believed the products would make their muscles bigger, as they allege. (Compl. ¶¶ 48, 51.)

Accordingly, Plaintiffs' claims should be dismissed.

## ARGUMENT

### I. PLAINTIFFS' FAILURE TO ALLEGE WHAT LABELS THEY SUPPOSEDLY RELIED ON IS FATAL TO THEIR CLAIMS

Plaintiffs fail to allege the "who, what, where, when, and how" of Ancient Nutrition's supposedly misleading labels. As explained in Ancient Nutrition's Motion (Mot. at 4) and ignored by Plaintiffs, Plaintiffs do not allege they read *any* of the labels depicted in the complaint. Rather, they allege that sometime *before* they purchased any products, they read some unspecified labels. (*Compare* Compl. ¶ 36 (including partial images of the in-market Chocolate, Pure, Turmeric and Vanilla labels, and stating that "[e]ach of the Products states the amount of protein that they contain on the front of the label.") *with id*. ¶ 47-48 (claiming that Plaintiff Bush "purchased the Pure and Vanilla flavors . . . several times since 2017" and that "[p]rior to purchasing the Product, Plaintiff Bush saw the claims on the front and back of the packaging that the Product contained 20 grams of protein per serving, which claim she relied on when deciding whether to purchase the

---

Rather than simply amending their Complaint to identify the labels that are actually at issue, Plaintiffs elected to burden the Court with unnecessary motion practice.

Product"); *see also id*. ¶ 51.) Ancient Nutrition is left to guess what labels these might be. This is

exactly the circumstance Rules 8 and 9(b) are meant to prevent. *See, e.g.*, *DiMuro v. Clinique*

*Lab'ys, LLC*, 572 F. App'x 27, 30 (2d Cir. 2014) ("Given that the seven different products have

different ingredients, different intended uses, and that Clinique makes different advertising claims

for each one, this is wholly insufficient to satisfy Rule 9(b). Plaintiffs may not rely on the entirely

implausible allegation that Clinique's 'false, misleading, and/or deceptive statements about the

efficacy of a particular product are equally applicable to each of the Repairwear Products,' . . . .

failing to address the different product ingredients, different intended uses, ***and different claims***")

(emphasis added)[2]; *Reid v. GMC Skin Care USA Inc.*, No. 815CV277BKSCFH, 2016 WL

403497, at *15 (N.D.N.Y. Jan. 15, 2016) (granting motion to dismiss for failure to adhere to the

heightened standard of Rule 9(b) because "Plaintiffs . . . do not allege that they used [the product]

or how they used it. Nor do they allege the manner in which the [product] failed"); *Shields v.*

*Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (Rule 9(b) is no "license to base

claims of fraud on speculation and conclusory allegations").

      What Plaintiffs saw and what they relied on are basic facts necessary to state a claim that

are exclusively within the knowledge of Plaintiffs.[3] Pleading these facts imposes minimal burden

---

[2] *Compare id*. at 31 (noting that the complaint also "fail[ed] to allege that any of the named Plaintiffs even *used* the product, let alone used the product as directed" and that "Plaintiffs do not allege what results they received from their use of the product" but "only allege that they received 'no value,' 'did not receive what they bargained for,' or 'did not get what they paid for.'") (emphasis in original) *with* Compl. ¶ 48, 51-52 (stating that Plaintiffs purchased "the Product," without specifying which Product, but failing to allege that they used the product or what results they received from their use of the product, thus failing to allege "what benefits Plaintiffs hoped for but did not receive"). *Id.*

[3] Plaintiffs admit that they did not buy any of the other products listed in the Complaint or rely on them and so are unable to assert claims based on those products at this stage. (Compl. ¶¶ 36, 47-48, 50-51.)

on Plaintiffs. To the extent Plaintiffs are unable or unwilling to do so, their claims should be dismissed.[4]

## II.     THE VARIOUS PRODUCT LABELS CHANGED OVER TIME

Plaintiffs attempt to avoid their obligation to plead what they actually saw and relied on by claiming that Ancient Nutrition's labels are so identical they do not "affect" Plaintiffs' claims. (Opp. at 1, 5.) Even if this were true, it would not alleviate Plaintiffs' obligation to plead the who, what, when, where and how of their claims. But equally fundamentally, there is no such allegation in their pleading. Nor could they make such an allegation consistent with their obligation of candor. Ancient Nutrition's labels for different products have materially varied over time, and contrary to Plaintiffs' unsupported argument (Opp. at 1, 5), these iterations do affect Plaintiffs' claims.

The iterations of different labels of different products varied in multiple respects which directly "affect" Plaintiffs' claims, which are all predicated on the notion that collagen (the main ingredient in Ancient Nutrition's bone broth products) is somehow less nutritious than other forms of protein (a proposition contradicted by decades of studies), and that Ancient Nutrition's advertising purportedly misled plaintiffs into believing its products – intended to supplement skin, joint and gut health – were in fact intended for muscle-building. [5] (*Compare* RJN Ex. Nos. ("Ex.

_____

[4] Plaintiffs also suggest Ancient Nutrition brings this motion for the purposes of delay. (Opp at 1.) This is untrue. As detailed in Ancient Nutrition's motion, and ignored by Plaintiffs, Ancient Nutrition raised the deficiencies in Plaintiffs' complaint prior to filing its motion. (Mot. at 3.) Rather than simply amending their Complaint to identify the labels that are actually at issue, Plaintiffs elected to burden the Court with unnecessary motion practice.

[5] *Compare* Compl. ¶ 53 ("Defendant intended for Plaintiffs and the other members of the Classes to be misled by their statements regarding the amount of protein in the Products") with *Campbell v. Whole Foods Mkt. Grp., Inc.*, No. 1:20-CV-01291-GHW, 2021 WL 355405, at *12 (S.D.N.Y. Feb. 2, 2021) (pleading requirements of Rule 9(b) were not met where "Plaintiff's only allegation about Defendant's intent is that 'Defendant's fraudulent intent is evinced by its failure to accurately identify the Products on the front label when it knew this was not true.' [] That allegation on its own is insufficient because '[t]he simple knowledge that a statement is false is not sufficient to establish fraudulent intent, nor is a defendants' 'generalized motive to satisfy

Nos.") 1-4, 6, 7, 8, 10 (containing side label listing the types of collagen and other proteins in the product); *with* Ex. Nos. 9, 11 (containing side label emphasizing that the protein powder promotes healthy skin, joints and gut, rather than muscle-building) *with* Ex. Nos. 5, 12, 13, 14 (containing a different side label). The Complaint appears to include partial depictions of Ancient Nutrition's **current** labels. (*Compare* Compl. ¶ 36 (including what appear to be excerpts of in-market Vanilla, Pure, Chocolate, and Turmeric labels) with Ex. 2 (in-market Vanilla Label), Ex. 4 (in-market Pure Label), Ex. 6 (in-market Chocolate Label), and Ex. 8 (in-market Turmeric label)). The labels depicted may or may not be the labels Plaintiffs claim to have seen **before** they started purchasing products "since 2017" or "regularly from 2018 through present" (Compl. ¶¶ 47, 50), as the labels have materially changed at least once during that time frame. *Compare* Ex. 1 *with* Ex. 2 (2018 v. in-market Vanilla Labels with different side panels); *compare* Ex. 3 *with* Ex. 4 (2018 v. in-market Pure Labels with different side panels); *compare* Ex. 5 *with* Ex. 6 (2018 v. in-market Chocolate Labels with different side panels); *compare* Ex. 7 *with* Ex. 8 (2018 v. in-market Turmeric Labels with different side panels)). Ancient Nutrition should not be forced to defend against mislabeling claims without Plaintiffs doing the bare minimum of identifying the labels that are actually at issue.

Rule 8 requires that Plaintiffs provide Ancient Nutrition with notice of what labels it must examine and the extent of the claims to which it must respond, and it is Plaintiffs' burden to provide this notice. The purpose of this rule is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Keiler v. Harlequin Enters.*, 751 F.3d 64, 70 (2d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Second Circuit has defined "fair notice" as "that which will enable the adverse party

---

consumers' desires [or] increase sales and profits.' . . . Moreover, while the existence of accurate information regarding the product's ingredients on the package does not stymie a deceptive labelling claim as a matter of law, it is certainly a substantial barrier to a plaintiff seeking to plead a claim of fraud.") (internal citations omitted).

to answer and prepare for trial, allow the application of res judicata and identify the nature of the case so that it may be assigned the proper form of trial." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 107 (2d Cir. 2005), *rev'd on other grounds*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Plaintiffs have not met their burden here.

As such, the Complaint fails to comply with the requirements of either Rule 8 or Rule 9 and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' claims against Ancient Nutrition should be dismissed.

Dated: July 9, 2021
New York, NY

Respectfully submitted,

 */s/ Douglas S. Curran*

Douglas S. Curran
**BRAUNHAGEY & BORDEN LLP**
7 Times Square, 27th Floor
New York, NY 10036
Tel. & Fax: (646) 829-9403
Email: curran@braunhagey.com

*Attorneys for Defendant*
*Ancient Brands, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2021, Defendant Ancient Brands, LLC's

Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss was filed electronically on the

CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

*/s/ Douglas S. Curran*_____
Douglas S. Curran
