# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**David Kwasniewski, Esq.**
kwasniewski@braunhagey.com

September 26, 2022

**VIA ECF**

The Honorable Lawrence E. Kahn
United States District Court for the
Northern District of New York
15 Henry Street
Binghamton, New York 13901

      Re:    *Bush, et al. v. Ancient Brands, LLC*, Case No. 5:21-cv-390 (LEK/ML)

Your Honor:

      We represent Defendant Ancient Brands, LLC ("Ancient Nutrition") and write in response to Plaintiffs' request to convert the pending motion for judgment on the pleadings into a motion for summary judgment. (Dkt. 90.) The motion for judgment on the pleadings raises straightforward questions of law and does not require further discovery. Plaintiff's letter motion is little more than a ploy to delay this proceeding, which has already been pending for over a year and which no longer has any viable claims at issue. Ancient Nutrition therefore respectfully requests that the Court deny Plaintiffs' request and set a briefing schedule as consistent as possible with Local Rule 7.1.

      Ancient Nutrition makes a variety of protein supplements from traditional sources, like bone broth. Ancient Nutrition's bone broth protein powder is rich in collagen, which helps maintain healthy joints, skin, and hair. Plaintiffs claim they were misled into purchasing Ancient Nutrition's products because they said "20 grams protein per serving" on the packaging and did not include a percentage daily value estimate. Even though the packaging is completely accurate and consistent with how every other business in the protein supplement industry market similar products, Plaintiffs nonetheless claim it violated various FDA regulations. Plaintiffs' lawyers also sued virtually the entire protein supplement industry on the same theory.

      Earlier this year, the Food and Drug Administration issued guidance clarifying that it is proper for Ancient Nutrition and similar products to claim "20 grams protein per serving" on their labels. In light of this guidance, dozens of federal district courts have granted Rule 12(b)(6) motions to dismiss identical claims as preempted.

      Further, Plaintiffs in this case testified at their depositions that they did not care about, or even understand the significance of, a percentage daily value calculation and never saw any of Ancient Nutrition's marketing materials aside from the product packaging. (Dkt. 85 at 15-16.)

      In light of these developments, Ancient Nutrition filed its motion for judgment on the pleadings requesting relief on the following grounds:

**San Francisco**
351 California St., 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

**New York**
118 W 22nd Street, 12th Floor
New York, NY 10011
Tel. & Fax: (646) 829-9403

1) Plaintiffs' claims are preempted by the Food, Drug, and Cosmetics Act;

2) Plaintiffs lack standing to assert claims based on the omission of a %DV or any of the protein-related statements on Ancient Nutrition's website; and

3) Plaintiffs also lack standing to seek prospective injunctive relief because they have admitted that they do not intend to purchase the products again.

Rule 12(c), which embodies the same standards as Rule 12(b), is the proper mechanism for raising the three issues above.[1] The first issue is a pure question of law that many courts have resolved under Rule 12(b)(6). *See, e.g., Hinkley v. Mills*, No. 2:21-CV-00221-BSJ, 2022 WL 1767108, at *2 (D. Utah Apr. 26, 2022) (claims based on statement of protein content preempted); *Brown v. Natures Path Foods, Inc.*, No. 21-CV-05132-HSG, 2022 WL 717816, at *7 (N.D. Cal. Mar. 10, 2022) (same); *Chong v. Kind LLC*, No. 21-CV-04528-RS, --- F.Supp.3d ----, 2022 WL 464149, at *3 (N.D. Cal. Feb. 15, 2022) (same); *Nacarino v. Kashi Co.*, No. 21-CV-07036-VC, --- F.Supp.3d ----, 2022 WL 390815, at *4 (N.D. Cal. Feb. 9, 2022) (same); *see also Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 144 (2d Cir. 2021) ("[F]ederal preemption is a question of law and, as such, it does not turn on information uniquely in the defendant's hands."). Because issues two and three go to subject-matter jurisdiction, they are appropriately adjudicated under the Rule 12(b)(1) standard, which allows for the submission of evidence. The same standard applies when subject-matter jurisdiction is raised under Rule 12(c). As one Court explained: "[A] Rule 12(c) motion for judgment on the pleadings based upon a lack of subject matter jurisdiction is treated as a Rule 12(b)(1) motion to dismiss the complaint. Because the Court, in deciding a Rule 12(b)(1) motion, may consider materials outside the pleadings, such as affidavits and documents, it is not necessary to treat the Moving Defendants' Rule 12(c) motion as a motion for summary judgment in order to consider materials outside the pleadings." *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 449 n.2 (S.D.N.Y. 2001).[2]

Plaintiffs' arguments to the contrary lack merit. Plaintiffs argue that Ancient Nutrition submitted excerpts from their depositions. (Dkt. 90 at 1-2.) But this fact does not, by itself, require converting the motion to a summary judgment motion. As Plaintiffs concede, "challenges to standing may be based on declarations or deposition testimony, *without converting a Rule 12 motion to a motion for summary judgment*." (*Id.* at 2, emphasis added.) The motion is styled as a motion for judgment on the pleadings, rather than as a "motion to dismiss and for judgment on the pleadings" because it is appropriate to raise subject matter jurisdiction challenges using a motion for judgment on the pleadings, in which case a court should apply the same standard as to a motion brought under Rule 12(b)(1). *Phipps*, 152 F. Supp. 2d at 449 n.2.

Further, the standing arguments at issue do not require the Court to examine the merits of the underlying claims—only the question of whether ***these particular plaintiffs*** are entitled to

---

[1] *Lavandeira v. Infuse, LLC*, No. 08CIV11213JSRDF, 2009 WL 10697463, at *4 (S.D.N.Y. Nov. 24, 2009) (Rule 12(c) standard is same as Rule 12(b) standard).

[2] Moreover, to avoid any ambiguity about the legal basis for the motion, the Notice of Motion and Motion explicitly state that Ancient Nutrition moves pursuant to both Rules 12(b)(1) and 12(c). (Dkt. 85.)

assert them.[3] For instance, to the extent that Plaintiffs assert claims based on the omission of a %DV for protein on the product label or on protein-related statements on Ancient Nutrition's website, Ancient Nutrition's motion argues that ***these plaintiffs*** cannot bring such claims because they cannot establish that they even looked at the part of the label where a %DV would have appeared or saw any of the allegedly misleading statements on Ancient Nutrition's website, much less that the omission and statements affected their purchasing decision. (Dkt. 85 at 14-16.) Such plaintiffs lack standing as a matter of law. *See, e.g., Brown*, 2022 WL 717816, at *4 ("What is missing are facts allowing the Court to reasonably infer that Plaintiffs made their purchasing decisions based on anything other than the Products' front labels.").

Finally, in addition to the request to convert the motion into one for summary judgment, Plaintiffs also object to the Court's taking judicial notice of the product labels that Ancient Nutrition has produced in discovery. This objection is baffling because if Plaintiffs refuse to admit the labels into evidence at the time of trial, they will face an insuperable failure of proof. Moreover, Plaintiffs' asserted claims actually ***rely upon*** the two facts those labels were offered to prove: that the labels state the products contain 20 grams of protein and contain no %DV for protein in the facts panel. (*Compare* Dkt. 85 at 3 *with* Dkt. 59 ¶¶ 36 & 38.)

For all the foregoing reasons, Ancient Nutrition respectfully requests that the Court deny Plaintiffs' request to convert the pending motion for judgment on the merits to a motion for summary judgment. All of the information relevant to the standing arguments in the motion lies within Plaintiffs' own knowledge, and Plaintiffs are welcome to identify whatever parts of their depositions that they believe contradict the portions that Ancient Nutrition has cited. Because no additional discovery is required for Plaintiffs to secure that information, Plaintiffs do not need any additional time to respond to the legal issues in Ancient Nutrition's motion, and by filing their letter motion, Plaintiffs have already helped themselves to considerable delay. Ancient Nutrition therefore also respectfully requests that the Court set the following schedule for the remaining briefs, which gives Ancient Nutrition an extension equivalent to the one Plaintiffs have requested:

- Oct. 7: Plaintiffs' response, and
- Oct. 28: Ancient Nutrition's reply.

---

[3] For this reason, the motion at issue does not "collapse the standing inquiry into the merits[,]" as discussed in *Baur v. Veneman*, 352 F.3d 625, 642 (2d Cir. 2003). In that case, the court held that the question whether using "downed livestock" for human consumption created a "credible risk" to human health was not susceptible to threshold determination. *Id.* at 627–28 & 642. An analogous question in this case would be whether, for instance, any of the statements that the FAC quotes from Ancient Nutrition's website could be found to be misleading. The pending motion does not ask the Court to answer that question, and instead only asks the Court to confirm that it lacks jurisdiction to adjudicate a claim brought by a person who never saw the statements.

Respectfully Submitted,

David Kwasniewski