UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DIEDRE BUSH, STEPHEN DUNN, AND RAQUEL
DIAZ on behalf of all others similarly situated,

                Plaintiffs,

-against-                              5:21-CV-00390 (LEK/ML)

ANCIENT BRANDS, LLC,

                Defendant.

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs Diedre Bush and Raquel Diaz ("Named Plaintiffs") commenced this action on April 5, 2021, on behalf of a class of others similarly situated, alleging a variety of state law claims arising from Ancient Brands, LLC's ("Defendant") labeling of its Bone Broth Protein products. Dkt. No. 1 ("Complaint"). Plaintiff Stephen Dunn joined the action as a new class representative after the Honorable Miroslav Lovric, United States Magistrate Judge, granted Named Plaintiffs' motion to file an amended complaint inserting Dunn into the action. Dkt. No. 58 ("Amended Complaint").

Now before the Court is Plaintiff Diedre Bush's ("Moving Plaintiff") motion to voluntarily dismiss her individual claims without prejudice, Dkt. No. 64 ("Motion"), under Federal Rule of Civil Procedure 41(a)(2). Defendant opposes the Motion, Dkt. No. 68 ("Def.'s Resp.") and argues that Moving Plaintiff's claims should be dismissed *with* prejudice. Moving Plaintiff has responded to Defendant's Response, Dkt. No. 69 (Pl.'s Reply"), reaffirming her argument that her claims should be dismissed without prejudice. For the reasons that follow, Moving Plaintiff's Motion is granted.

## II. BACKGROUND

Moving Plaintiff's factual allegations are detailed in the Court's previous Memorandum-Decision and Order, Dkt. No. 25 at 2–3, familiarity with which is assumed.

## III. LEGAL STANDARD

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). "The presumption is that a motion to dismiss claims without prejudice should be grained absent 'plain legal prejudice' to the defendant, a term that does not encompass merely the risk of a second lawsuit." Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 216 F.R.D. 29, 36 (E.D.N.Y. 2003) (internal citations omitted).

Courts in this Circuit consider five factors when determining whether to dismiss a case pursuant to Rule 41(a)(2) without prejudice: (1) "the plaintiff's diligence in bringing the motion"; (2) "any 'undue vexatiousness' on plaintiff's part"; (3) "the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial"; (4) "the duplicative expense of relitigation"; and (5) "the adequacy of a plaintiff's explanation for the need to dismiss." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990) (citations omitted). The Zagano "factors are not necessarily exhaustive and not one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011) (citations omitted). The decision to grant a motion for dismissal without prejudice falls within the discretion of the district court. See United States v. Cathcart, 291 F. App'x 360, 361 (2d Cir. 2008).

## IV. DISCUSSION

With respect to the first factor, moving Plaintiff appears to have been sufficiently diligent. "When analyzing whether a party was diligent or not in bringing a motion, courts have

focused on whether or not the moving party encouraged the non-moving party to continue discovery without any intention of pursuing its claims." Shaw Family Archives, Ltd. v. CMG Worldwide, Inc., No. 05-CV-3939, 2008 WL 4127549, at *5 (S.D.N.Y. Sept. 2, 2008). At the time of filing this Motion, Defendant had not served any written discovery, and depositions had not occurred yet. See Dkt. No. 85-2 "(Dunn Deposition)"; Dkt. No. 85-3 "(Diaz Deposition)".[1] Thus, Moving Plaintiff has not encouraged Defendant to continue discovery without the intention of pursuing her claims. Accordingly, the first factor weighs in favor of Moving Plaintiff.

As to the second factor, "[v]exatiousness refers to instances in which a case is brought to harass a defendant or in which a plaintiff had an ill-motive." Luis v. Marabella Pizza, LLC, No. 18-CV-4052, 2019 WL 4261946, at *3 (E.D.N.Y. Aug. 23, 2019), rep. rec. adopted, No. 18-CV-4052, 2019 WL 4261616 (E.D.N.Y. Sept. 9, 2019). Courts find ill-motive for example, where:

> the plaintiff never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed, thereby seeking the advantage of filing its charges without having to support them; or where the plaintiff filed duplicative actions relating to the same injury; or where the plaintiff assured the court it would proceed with its claims but then go[es] back on their word and seeks dismissal.

Paulino v. Taylor, 320 F.R.D. 107, 110 (S.D.N.Y. 2017). Here, Defendant does not contend that Moving Plaintiff has committed any of these examples of vexatiousness. Def.'s Br. at 10. Instead, Defendant attacks the merits of Moving Plaintiff's argument, arguing that her "theory of liability has been rejected by other Federal Courts." Id. However, the second Zagano factor does not speak to the merits of a case, and instead focuses on ill-motive and harassment. Marabella

---

[1] These depositions did not occur until May 2022, which was after Moving Plaintiff sought to dismiss her claims.

Pizza, LLC, No. 18-CV-4052, 2019 WL 4261946, at *3. Defendant does not allege either harassment or ill-motive, so this factor weighs in favor of Moving Plaintiff.

The next two factors, "the extent to which the suit has progressed, [and] the duplicative expense of relitigation," Zagano, 900 F.2d at 14, generally "weigh[ ] against dismissal without prejudice only if the case has progressed to an advanced stage, such as the eve of trial, or when discovery is complete and partial dispositive motions have been adjudicated." Morehouse v. Clifford, No. 14-CV-1359, 2016 WL 51254, at *3 (N.D.N.Y. Jan. 4, 2016) (citing Zagano, 900 F.2d at 14–15). "Where," as here, "cases have barely been litigated, there is correspondingly little concern about the expense of relitigation for defendants." See Krulls v. CIRG, LLC, No. 09-CV-806, 2011 WL 2470471, at *2 (N.D.N.Y. June 20, 2011); see also Brinn v. Hofstra Univ., No. 15-CV-145, 2015 WL 7756126, at *2 (E.D.N.Y. Dec. 1, 2015) ("Little to no discovery took place and the . . . defendants could presumably use any motion papers or discovery they have already drafted if plaintiff refiles this matter."). As discussed above, at the time of filing this Motion, Defendant had not served any written discovery or taken a deposition. Thus, the stage of litigation is far from "an advanced stage" of litigation like the "eve of trial," or the completion of discovery. Clifford, No. 14-CV-1359, 2016 WL 51254, at *3. Accordingly, the third and fourth factors also weigh in favor of Moving Plaintiff.

With respect to the final factor, Moving Plaintiff has explained that she has "been experiencing health issues and did not believe she would be able to fulfill her duties as a class representative at this time." Mot. at 3. However, Moving Plaintiff has provided little explanation of how these issues would affect her ability to adequately represent the class. Nevertheless, "any shortcomings in [P]laintiff's explanation are not sufficient to overcome the other four factors,

which strongly counsel in favor of dismissal" without prejudice. See Benitez v. Hitachi Metals Am., Ltd., No. 11-CV-6816, 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012).[2]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Moving Plaintiff's Motion to Voluntarily Dismiss Her Individual Claims Without Prejudice (Dkt. No. 64) is **GRANTED**; and it is further

**ORDERED**, that Moving Plaintiff's individual claims are **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(2); and it is further

**ORDERED**, that the Clerk shall **TERMINATE** Diedre Bush as a party to this proceeding; and it is further

**ORDERED**, that the Clerk is directed to update the caption to remove Diedre Bush as a plaintiff in this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 7, 2022
Albany, New York

LAWRENCE E. KAHN
United States District Judge

---

[2] Dismissal of Moving Plaintiff's claims have no effect on the future certification of this class action, or the claims of the other plaintiffs involved in this suit.